# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LANITA RENEE EYE | ) | Case No. 08-50723 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| W. CLARKSON MCDOW, JR. | ) | |
| UNITED STATES TRUSTEE FOR | ) | |
| REGION FOUR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 08-05061 |
| | ) | |
| LANITA RENEE EYE | ) | |
| | ) | |
| Defendant. | ) | |

## DECISION AND ORDER

At Harrisonburg in said District on this 11th day of June, 2010:

A hearing was held on February 17, 2010, to consider the United States Trustee's Objection to Discharge, filed on October 27, 2008. After considering the arguments of the parties and the evidence presented at trial the Court makes the following findings of fact and conclusions of law.

Facts

On March 15, 2007, the Defendant's mother passed away. In her will the Defendant's mother devised to the Defendant the following pieces of personal property: "The corner cabinet given to me by Robert Carpenter, all of my jewelry and clothing, all pieces of Heartland, and all of the keepsakes in my gray lockbox together with said lockbox." U.S. Trustee's Exhibit 3, U.S. Trustee v. Lanita Renee Eye, No. 08-05061 (Bankr. W.D. Va. Nov. 13, 2009). Additionally, the Defendant was bequeathed a one-third interest in her mother's residual estate. Id.

On July 20, 2008, the Defendant filed her bankruptcy petition. The Defendant did not disclose her interest in either the personal property or the residual estate on her bankruptcy petition. On August 26, 2008, the Defendant appeared at her §341 meeting for creditors and was asked by the Chapter 7 Trustee if she was entitled to any inheritances, to which she responded no. On September 5, 2008, the Defendant was present at the real estate closing on her mother's house, which had been sold for approximately $69,000.00. The proceeds from the house constituted part of the Defendant's mother's residual estate and therefore, pursuant to the will, the Defendant was entitled to a one-third interest in the proceeds. However, at the real estate closing the Defendant disclaimed her interest in the proceeds in favor of one of her brothers. The Defendant never disclosed to the Chapter 7 Trustee that she was disclaiming her interest in the $69,000.00.

The Trustee asserts that the Defendant concealed her interest in both the personal property and the residual estate with the intent to hinder delay or defraud creditors or an officer of her estate. Therefore, the Trustee contends, the Defendant's discharge from bankruptcy

should be denied pursuant to 11 U.S.C. §727(a)(2).  Additionally, the Trustee contends that because the Defendant knowingly and fraudulently failed to disclose her interest in the personal property and residual estate, she made a false oath and therefore, should be denied discharge from bankruptcy under §727(a)(4)(A).

## Discussion

In re Hatton, 204 B.R. 477, 482 (E.D. Va. 1997) observes that the "The discharge statute, by its very nature, invokes competing considerations." Hatton states that "One of the foremost purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from' his former obligations." Id. at 482 (quoting In re Ingle 70 B.R. 979, 982 (Bankr. E.D. N.C. 1987)).  Hatton goes on to state that "On the other hand, the 'solicitude of Congress...stops at the debtor who does not measure up to that appealing image' of the 'honest but unfortunate debtor.'" Id.  In weighing these competing considerations, In re Kontrick 295 F.3d 724 (7th. Cir. 2002), aff'd, 540 U.S. 443 (2004) (quoting In re Zaraynski, 771 F.2d 304, 306 (7th Cir. 1985)) provides guidance when it states that "In bankruptcy, 'exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor.'" Ultimately, the determination of whether to deny a debtor's discharge under §727(a) is a question of fact for the Court to determine. In re Duncan, 318 B.R. 648, 652 (Bankr. E.D. Va. 2004).  It is with these considerations in mind that the Court now addresses the issues surrounding denial of the Defendant's discharge pursuant to 11 U.S.C. §727.

### A.  Denial of Discharge Under 11 U.S.C. §727(a)(2)

11 U.S.C. §727(a)(2)(A) states.

(a) The court shall grant the debtor a discharge, unless—
   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
      (A) property of the debtor, within one year before the date of the filing of the petition

In re Arnold, 369 B.R. 266, 270 (Bankr. W.D. Va. 2007) holds that when objecting to discharge under 11 U.S.C. § 727(a)(2)(A), "The United States Trustee has the burden of proving the objection to discharge." See Tavenner v. Smoot (In re Smoot), 265 B.R. 128, 142 (Bankr. E.D. Va. 1999) aff'd 257 F. 3d 401 (4th Cir. 2001), cert. denied, 534 U.S. 1116 (2002) (in the context of an objection to discharge pursued under 11 U.S.C. § 727(a)(2)(A), "[t]he trustee bears the burden of establishing that the transfer occurred with the intent to hinder, delay, or defraud creditors.") Arnold further states that in order to meet its burden, "The United States Trustee must prove each element of the objection to discharge under Section 727(a) by a preponderance of the evidence."[1] Id.

Arnold holds that the elements of an objection to discharge under § 727(a)(2) are, "(1) that the act complained of was done within one year prior to the filing of petition, or, alternatively, after the date of filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction or concealment of the debtor's property, or alternatively, the estate's property; and (4) it was done with an intent to hinder, delay or defraud either a creditor

---

[1] Braud v. Kinchen, 310 So.2d 657 (La.App. 1st Cir. 1975) (cited with approval in In re Sorrell, 292 B.R. 276, 288 (Bankr. E.D. Tex. 2002) and In re Nichols, 1999 WL 782111, *5 (Bankr. E.D. Pa. Sept. 29, 1999)) defines "preponderance of the evidence" as "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows that the fact sought to be proved is more probable than not."

or an officer of the estate." Id.  Arnold goes on to state that "If the United States Trustee fails to prove any one element, the Debtor will not be denied a discharge." Id.  However, if the Trustee succeeds in meeting its burden and proving all of the elements by a preponderance then a *prima facie* case of fraud will be established at which point Farouki v. Emirates Bank Int'l, Ltd. (In re Farouki), 14 F.3d 244, 249 (4th Cir. 1994) holds "the burden may shift to the debtor to provide satisfactory, explanatory evidence" to counter the Trustee's *prima facie case.*[2]  A failure by a debtor to rebut the *prima facie* case will result in the denial of discharge, under 11 U.S.C. § 727(a)(2).

The Trustee alleges that the Defendant violated §727(a)(2)(A) by concealing her interest in the aforementioned personal property and residual estate, which in both cases the Defendant obtained an interest in within the year prior to her filing her bankruptcy petition.  The Trustee also contends that the interest in the residual property would have been property of the estate had the Defendant disclosed her interest in it and thus, the Defendant violated §727(a)(2)(B) when she disavowed her interest in the residual estate.  The Court will first address the Trustee's arguments surrounding §7272(a)(2)(A).

### 1.  11 U.S.C. §727(a)(2)(A)

With regard to the first three elements of an objection to discharge, as enumerated in Arnold, it is undisputed that the Defendant concealed her interest in the personal property and residual estate when she failed to disclose said interests on her bankruptcy petition.  With regard to the fourth element enumerated in Arnold, that the debtor acted with intent to hinder, delay or

---

[2] Black's Law Dictionary defines a prima facie case as one in which "A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." Black's Law Dictionary 1189 (8th ed. 1994).

5

defraud creditors or an officer of estate, <u>Farmers Co-Operative A'ssn. v. Strunk</u>, 671 F.2d 391, 395 (10th Cir. 1982) holds that intent may be demonstrated by direct evidence or by "inferences drawn from a course of conduct."

In the case at bar, the Court finds nothing in the record to suggest that the Defendant concealed her interest in either the personal property or the residual estate with the intent to hinder, delay or defraud her creditors or an officer of the estate. Concerning the items of personal property, the Defendant's uncontroverted testimony revealed nothing more sinister than a benign forgetfulness brought on by the length of time separating the date on which the items were received and when the Defendant filed her bankruptcy petition. Regarding the Defendant's interest in the residual property, the Defendant's uncontroverted testimony established that the Defendant did not disclose her interest because she believed that she was not entitled to the residual estate due to a promise she made with her mother in which she relinquished any claim to her mother's will in exchange for her mother providing the Defendant with periodic loans.

The Trustee has provided no evidence that would contradict the testimony of the Defendant and show that the Defendant acted with the intent to hinder, delay or defraud creditors or an officer of the estate when she failed to disclose her interest in the items of personal property or residual estate. Accordingly, the Court finds that by failing to prove intent to hinder, delay or defraud a creditor or officer of the estate, the Trustee has failed to satisfy all four elements required for a denial of discharge under §727(a)(2)(A).

### 2. 11 U.S.C. §727(a)(2)(B)

The Trustee argues that the Defendant impermissibly transferred her one-third interest in the residual estate when she disavowed said interest in favor of her brother. The Trustee further contends that this transfer was done with the intent to delay, hinder or defraud the Defendant's creditors or an officer of her estate and thus, the Defendant's discharge should be denied pursuant to §727(a)(2)(B).

With regard to the first three elements of an objection to discharge, as enumerated in Arnold, it is undisputed that the Defendant disavowed her interest in the residual estate and that in doing so she transferred property of the estate.[3] In order to discern the element of intent, the holding in Strunk, that intent may be demonstrated by direct evidence or by "inferences drawn from a course of conduct," applies to the evaluation of claims under §727(a)(2)(B). Strunk, 671 F.2d at 395. In order to assist the Court in determine whether a transfer is fraudulent, In re Warner, 87 B.R. 199, 202 (Bankr. M.D. Fla. 1995) holds that because proof of actual intent to engage in a fraudulent transfer in order to hinder, delay or defraud creditors is "often unavailable through direct evidence, courts have traditionally relied upon certain well-defined badges or indicia of fraud to presume fraudulent intent." Riggs Nat'l. Bank v. Andrews (In re Andrews), 186 B.R. 219 (Bankr. E.D. Va. 1995) states that the indicia of fraud include:

> (1) A relationship between the debtor and the transferee; (2) Lack of consideration for the conveyance; (3) Debtor's insolvency or indebtedness; (4) Transfer of debtor's entire estate; (5) Reservation of benefits, control or dominion by the debtor; (6) Secrecy or concealment of the transaction; and (7) Pendency or threat of litigation at the time of transfer.

---

[3] Neither party has raised into question whether the residual estate would have been property of the estate and thus, the Court declines to decide that issue here.

Andrews, 186 B.R. at 222.  Smoot, referring to the seven factors in Andrews, holds that "[t]he presence of just one of the factors can warrant a court's conclusion that a transfer was fraudulently made, and certainly, the presence of several factors can inescapably lead to the conclusion that the debtor possessed the requisite intent."  Smoot, 265 B.R. at 142.

The Trustee has provided evidence, that when evaluated under the preponderance of the evidence standard, establishes that the Defendant made the transfer to her brother, while insolvent, without disclosing that the transfer was made and that the brother did not provide consideration for such transfer.  Pursuant to Smoot's holding that "[t]he presence of just one of the factors can warrant a court's conclusion that a transfer was fraudulently made," the Court finds that the Trustee has established, by a preponderance of the evidence, that the element of intent to delay, hinder or defraud creditors or an officer of the estate may have been present. Having already found that all four elements for an objection to discharge have been satisfied, the Court now finds that the Trustee has made a *prima facie* case and pursuant to Farouki, the burden of proof now shifts to the Defendant to rebut the *prima facie* case.

In re Cullinan Associates, Inc. 205 B.R. 377, 380 (W.D. Va. 1995) holds that a debtor may rebut a *prima facie* case under §727(a)(2) by producing "convincing evidence" that contradicts the Trustee's case.  The Defendant's uncontroverted testimony was that her mother, prior to her death, loaned the Defendant various sums of money.  In return for these loans the Defendant promised to relinquish any claim to her mother's will, with the exception of the aforementioned personal property.  The Defendant further testified that it was the understanding among the familial beneficiaries of the will that the Defendant was not entitled to any interest in her mother's residual estate.  Therefore, the Defendant testified, by formally disavowing her

8

interest in the residual estate at the real estate closing she was merely memorializing the long-standing arrangement made between her and her mother. Thus, the uncontroverted testimony of the Defendant establishes convincing evidence that, when construed liberally in favor of the debtor, as dictated by Kontrick, demonstrates that the Defendant did not intend to delay, hinder or defraud creditors or an officer of her estate.[4] Thus, the Court finds that the Defendant has rebutted the Trustee's *prima facie* case.

Since the Defendant has successfully rebutted the Trustee's *prima facie* case, the burden now shifts back to the Trustee, who, as the party seeking denial of discharge, has the ultimate burden of proof. Farouki, 14 F.3d at 249. With the burden of proof now resting on the Trustee, the Court finds that the Trustee has not met the burden of proof required to find an intent to delay, hinder or defraud creditors or an officer of the Defendant's estate. Thus, the Court finds that the Trustee has failed to satisfy the four elements required to successfully object to discharge under §727(a)(2)(B).

### B. Denial of Discharge Under 11 U.S.C. §727(a)(4)(A)

11 U.S.C. §727(a)(4)(A) states,

(a) The court shall grant the debtor a discharge, unless -
    (4) the debtor knowingly and fraudulently, in or in connection with the case -
        (A) made a false oath or account.

---

[4] The Court also notes that the Defendant's uncontroverted testimony was that she did not know of the real estate closing until the day of said closing. This lack of advanced knowledge further supports the conclusion that the Defendant did not intend to defraud an officer of her estate when she stated at the section 341 meeting that she was not entitled to an inheritance.

9

11 U.S.C. §727(a)(4)(A) (West, 2010).  Duncan, holds that "[i]n order for discharge to be denied under §727(a)(4)(A), 'the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud.'" Duncan, 318 B.R. at 652.  Duncan goes on to hold that a "false statement or omission in a debtor's schedule or statement of financial affairs qualifies as a false oath." Id.  Additionally, the statement or omission must be material.  Id.  In re Harlow, 107 B.R. 528, 531 (Bankr. W.D. Va. 1989) defines materiality for purposes of §727(a)(4)(A) as a statement or omission that "is related to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property."  Lastly, the determination of whether a statement or omission warrants a denial of discharge under §727(a)(4)(A) is a question of fact.  Duncan.  However, Duncan holds that "[b]ecause the average debtor will deny the fraudulent intent alleged by a party seeking denial of the debtor's discharge, a court may decide the issue upon circumstantial evidence or 'inferences drawn from a course of conduct.'" Id. (citing Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 252 (4th Cir. 1987)).

        In the case at bar, it is undisputed that the Defendant omitted from her bankruptcy schedules any mention of her interest in either the personal property or residual estate bequeathed to her by her mother.  It is also undisputed that the Defendant informed the Chapter 7 Trustee administering her case that she did not have any interest in any inheritances.  Both of these omissions constitute a false statement for purposes of §727(a)(4)(A).  However, as in the analysis of §727(a)(2)(A) and §727(a)(2)(B), the issue for decision is whether the Defendant possessed the requisite intent to defraud, as required by §727(a)(4)(A).

The testimony of the Defendant was that she failed to disclose her interest in the personal property on her bankruptcy petition and at the §341 hearing due to forgetfulness brought on by the length of time between her receipt of the items and her bankruptcy. There has been no evidence of a course of conduct taken by the Defendant that would contradict the reason given by the Defendant. The Court had an opportunity to observe the Defendant's oral testimony and to observe her demeanor. The Defendant's bankruptcy petition occurred seventeen (17) months after the Defendant's mother's death when she learned the provisions of her mother's will bequeathed personal property to her. Based upon this passage of time and the Court's observation of the Defendant and her testimony the Court finds that the Defendant lacked the intent to defraud when she failed to disclose her interest in the aforementioned personal property. Therefore, the Court finds that the Trustee, having failed to satisfy the intent requirement, has not satisfied all of the elements of proof required to deny a discharge under §727(a)(4)(A) with respect to the personal property.

With regard to the residual estate, the Defendant testified that she did not disclose her pre-petition interest in the residual estate because she had made a long-standing arrangement with her mother that required the Defendant to forgo any interest in her mother's residual estate which consisted of her mother's real estate in exchange for loans made prior to her mother's death. The Defendant further testified that this agreement was understood by all beneficiaries of her mother's will before her mother's death. The Defendant concluded her testimony by stating that she did not feel she was entitled to share in the residual estate because of her promise to her mother and therefore, did not include her interest in the residual estate on her bankruptcy petition. Similarly, with regard to her failure to disclose her post-petition transfer of her interest

11

in the residual estate, the Defendant testified that when she formally disavowed her interest in the residual estate in favor of her brother, in effect transferring her interest to her brother, she was merely memorializing her agreement with her mother.  Other than the proximity of time between the Defendant's section 341 meeting and her execution of the disclaimer of her interest in the real estate, the Court finds that there has been no evidence of intent to defraud, hinder or delay creditors or an officer of her estate.  The reasons given by the Defendant in her testimony are plausible.  Accordingly, the Court finds that the Defendant lacked the intent to defraud when she failed to disclose her interest in the residual property, either pre or post-petition.  Therefore, the Court finds that the Trustee, having failed to satisfy the intent requirement, has not satisfied all of the elements of proof required to deny a discharge under §727(a)(4)(A) with respect to the residual estate.

In summary, the Court finds that the Trustee has failed to demonstrate, by a preponderance of the evidence, that the Defendant possessed the intent to defraud when she omitted her interest in both the personal property and in the residual estate bequeathed to her by her mother on her bankruptcy petition.  Having failed to satisfy the element of intent on the part of the Defendant, the Trustee has failed to satisfy all of the elements required to deny the Defendant her discharge under §727(a)(4)(A).  Therefore, the Court will not, under §727(a)(4)(A), deny the Defendant her discharge.[5]

---

[5] The Trustee has argued that the Defendant's omission of her interest in the personal property and residual estate constitutes a reckless disregard for the truth such that her discharged should be denied under §727(a)(4)(A). Specifically, the Trustee argues that the Defendant did not make sufficient effort to discover the true nature of her legal interest in the bequeathed property and therefore, filled out her schedules with a reckless disregard for the truth. The Court does not dispute the basic premise that a reckless disregard for the truth would warrant a denial of discharge under §727(a)(4)(A) but rather disagrees with the Trustee's characterizations of the Defendant's conduct as a reckless disregard for the truth.  It is undisputed that the Defendant was aware of the fact that her mother's will provided for her to receive items of personal property as well as a one-third interest in the residual estate.  Case law

Conclusion

The Court finds that the Trustee has failed to prove, beyond a preponderance of the evidence, all elements required for a denial of the Defendant's discharge under either 11 U.S.C. §727(a)(2) or 11 U.S.C. §727(a)(4)(A). Specifically, the Trustee has failed to demonstrate that the Defendant acted with the intent to delay, hinder or defraud creditors when she failed to disclose her interest property bequeathed to her by her mother or when she disavowed her interest in said property to her brother. Accordingly, it is

**ORDERED**

That the Trustee's Objection to Discharge is hereby, **DENIED**.

Copies of this Order are directed to be sent to counsel for the Debtor, Roland S. Carlton, Jr., Esquire; and to the U.S. Trustee, Margaret K. Garber, Esquire.

_____
Ross W. Krumm
U.S. Bankruptcy Judge

---

surrounding the theory of reckless disregard for the truth has focused on the debtor's seeming unwillingness to investigate the true extent of their interest in property. See In re Hatton, 204 B.R. 477 (E.D. Va. 1997). However, in this case the Defendant knew of her interest in the aforementioned property and for reasons previously discussed, did not to disclose the interest on her bankruptcy petition. For this reason, the Court finds that the Defendant's conduct does not rise to the level of reckless disregard for the truth such that it would deny her discharge under §727(a)(4)(A).